[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 11, 2005
THOMAS  K. KAHN
CLERK

————————————————

No. 02-14324

————————————————

D. C. Docket No. 02-00019-CV-5-19-MMP

DANIEL BENITEZ,

Petitioner-Appellant,

versus

ROBERT WALLIS, Director INS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(March 11, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, BLACK and HULL, Circuit Judges.

HULL, Circuit Judge:

Daniel Benitez, a native and citizen of Cuba, is an inadmissible alien who

brought a § 2241 petition challenging his immigration detention.  The district

court concluded that the INS's determinations that Benitez posed a danger to the community and was likely to engage in further violent behavior were facially legitimate and bona fide reasons to detain Benitez until removal to Cuba was possible. Consequently, the district court denied Benitez's § 2241 petition. This Court affirmed the denial of Benitez's § 2241 petition, Benitez v. Wallis, 337 F.3d 1289 (11th Cir. 2003), and Benitez petitioned for certiorari to the United States Supreme Court. On January 16, 2004, the Supreme Court granted Benitez's petition for certiorari. Benitez v. Wallis, 540 U.S. 1147, 124 S. Ct. 1143 (2004).

On January 12, 2005, the Supreme Court reversed the judgment of this Court and remanded this case for further proceedings in this Court consistent with its opinion. Clark v. Martinez, 125 S. Ct. 716 (2005). Therefore, this case is again before this Court.

The facts surrounding Benitez's illegal immigration into the United States, his subsequent criminal activity in the United States, and his various removal proceedings are well documented both in this Court's earlier decision and in the Supreme Court's Clark opinion. Therefore, we do not reiterate those background facts here. Suffice it to say that Benitez is an inadmissible alien who repeatedly has violated the laws of the United States, and has been ordered removed from the United States to Cuba.

After an alien, such as Benitez, is ordered removed from the United States, the Attorney General must attempt to secure the alien's removal within 90 days. See 8 U.S.C. § 1231(a)(1) (the "removal period"). "Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible . . . ." 8 U.S.C. § 1231(a)(2). Congress, however, recognized that securing an alien's actual removal within 90 days is not always possible. Consequently, § 1231(a)(6) expressly authorizes the Attorney General to detain aliens beyond the 90-day removal period, as follows:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

 8 U.S.C. § 1231(a)(6) (emphasis added).

In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), the Supreme Court interpreted § 1231(a)(6) and addressed the government's authority to detain two legal permanent residents beyond the 90-day removal period under § 1231(a)(6). In evaluating § 1231(a)(6), the Supreme Court considered whether indefinite detention of resident aliens beyond the 90-day removal period, as authorized by § 1231(a)(6), would present constitutional concerns. Ultimately, the Supreme Court concluded that permitting the indefinite detention of resident

3

aliens would present "serious" constitutional concerns.  Zadvydas, 533 U.S. at 696, 121 S. Ct. at 2502.  However, according to the Supreme Court, "[a]liens who have not yet gained initial admission to this country would present a very different question."  Id. at 682, 121 S. Ct. at 2495.

The Supreme Court then saved § 1231(a)(6) from unconstitutionality in the context of resident aliens by reading into § 1231(a)(6) this limitation on the post-removal-period detention: a length of time reasonably necessary to bring about the actual removal of the resident alien.  Zadvydas, 533 U.S. at 694-99, 121 S. Ct. at 2502-03.  The Supreme Court then recognized six months as a presumptively reasonable time of post-removal-period detention for resident aliens.  Id. at 701, 121 S. Ct. at 2505.

In Clark, the Supreme Court addressed Zadvydas' application to inadmissible aliens, like Benitez, where the same constitutional concerns involving resident aliens were not presented.  The Supreme Court determined that: (1) having read § 1231(a)(6) one way in Zadvydas, it must be read the same way in subsequent cases; (2) its prior holding in Zadvydas interpreting § 1231(a)(6) thus applies to aliens deemed inadmissible to the United States; (3) the reasonable period of post-removal detention is presumptively six months for both admitted and inadmissable aliens; (4) Benitez's removal to Cuba is not reasonably foreseeable; and (5) Benitez's § 2241 petition should be granted.

4

Clark effectively ends this case. There is no contention that conditions in Cuba have changed so that Benitez's removal to Cuba is reasonably foreseeable. Therefore, until this Country's relationship with Cuba changes so that removal is reasonably foreseeable or Congress amends 8 U.S.C. § 1231(a)(6) to distinguish between resident aliens and inadmissible aliens, Clark dictates that Benitez is entitled to be released and paroled into the country.[1] See Clark, 125 S. Ct. at 727 ("Both Martinez and Benitez were detained well beyond six months after their removal orders became final. The Government having brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba); and the District Court in each case having determined that removal to Cuba is not reasonably foreseeable; the petitions for habeas corpus

_____

[1]In its opinion, the Supreme Court noted that two days after oral argument, Benitez was released "on a 1-year parole." Clark, 125 S. Ct. at 721. The Supreme Court concluded that "this case continues to present a live case or controversy" because Benitez's one-year parole was "not only limited to one year, but subject to the Secretary's discretionary authority to terminate" under 8 C.F.R. § 212.12(h) (2004). Clark, 125 S. Ct. at 721 n.3.

The Supreme Court then contrasted that type of release with the type of release if Benitez prevails in his § 2241 petition. In so doing, the Supreme Court noted that if Benitez prevails in this case, Benitez "could not be taken back into custody unless he violated the conditions of release (in which case detention would be authorized by 8 U.S.C. § 1253), or his detention became necessary to effectuate his removal (in which case detention would once again be authorized by § 1231(a)(6))." Clark, 125 S. Ct. at 721 n.3.

Accordingly, under Clark and because he has now prevailed in this case, Benitez's parole is no longer subject to the one-year limitation or the Secretary's discretionary authority to revoke parole under § 212.12(h). Rather, Benitez's parole is subject to (1) the conditions set forth in his release, and (2) a change in the reasonable foreseeablity of his removal to Cuba so that detention becomes necessary to effectuate removal.

should have been granted."); id. at 721 n.3 (noting that Benitez was subject to the conditions of release and 8 U.S.C. § 1253 authorized his detention if he violated the conditions of release); see also Clark, 125 S. Ct. at 728 (O'Connor, J., concurring) ("[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release. . . . And, if he fails to comply with the conditions of release, he will be subject to criminal penalties – including further detention." (citations omitted)).

In light of Clark, we (1) vacate our judgment dated July 17, 2003, affirming the denial of Benitez's § 2241 petition, and (2) vacate the district court's denial of Benitez's § 2241 petition. Further, we remand this case to the district court with instructions for the district court to grant Benitez's § 2241 petition and to order that Benitez be paroled and released subject to (1) the conditions set forth in his release, and (2) a change in the reasonable foreseeablity of his removal to Cuba so that detention becomes necessary to effectuate removal.

VACATED AND REMANDED WITH INSTRUCTIONS.