[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-12231
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 03-00004-CV-AAA-2

GUILLERMO PEREZ-AQUILLAR,

Petitioner-Appellant,

versus

JOHN ASHCROFT,
D. L. HOBBS, Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

(May 6, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON,  BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of Clark v. Martinez,

--- U.S. ----, 125 S. Ct. 716, --- L. Ed. 2d ---- (2005). Appellant Perez-Aquillar is a Mariel Cuban who was paroled into the United States in 1980 but whose parole was later revoked based upon his criminal convictions. We previously affirmed the district court's denial of this 28 U.S.C. § 2241 habeas corpus petition, in which he argued that his continued detention violated his due process rights. See Perez-Aquillar v. Ashcroft, Case No. 03-12231, 88 Fed. Appx. 382 (11th Cir. Nov. 13, 2003) (Table). In affirming the denial of habeas relief, we held that inadmissible aliens, such as Perez-Aquillar, do not have "constitutional or statutory rights to be free from indefinite detention. Thus, the district court did not err in dismissing Perez-Aquillar's § 2241 petition." Id., slip op. at 3.

In Zadvydas v. Davis, 533 U.S. 678, 689, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize the continued detention of legal permanent aliens beyond the mandated 90-day removal period, but only for as long as "reasonably necessary" to effectuate removal from the country. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. "[T]he presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of

2

removal in the reasonably foreseeable future.'" Clark, 125 S. Ct. at 722 (quoting

Zadvydas, 533 U.S. at 701).

In Clark, the Court extended its interpretation of § 1231(a)(6) to

inadmissible aliens, such as Perez-Aquillar. The Court also vacated and remanded

for reconsideration our decision in Benitez v. Wallis, 337 F.3d 1289 (11th Cir.

2003), in which we had affirmed the denial of § 2241 habeas relief to an

inadmissable Cuban alien. On remand, we explained that under Clark, an

inadmissible alien can no longer be detained beyond statutory 90-day removal

period of 8 U.S.C. § 1231(a)(1), where there was no significant likelihood of

removal in the reasonable foreseeable future. Benitez v. Wallis, --- F.3d ----, 2005

WL 564136 (11th Cir. Mar. 11, 2005). As we stated:

> Clark effectively ends this case. There is no contention that
> conditions in Cuba have changed so that Benitez's removal to Cuba is
> reasonably foreseeable. Therefore, until this Country's relationship
> with Cuba changes so that removal is reasonably foreseeable or
> Congress amends 8 U.S.C. § 1231(a)(6) to distinguish between
> resident aliens and inadmissible aliens, Clark dictates that Benitez is
> entitled to be released and paroled into the country. See Clark, 125 S.
> Ct. at 727 ("Both Martinez and Benitez were detained well beyond
> six months after their removal orders became final. The Government
> having brought forward nothing to indicate that a substantial
> likelihood of removal subsists despite the passage of six months
> (indeed, it concedes that it is no longer even involved in repatriation
> negotiations with Cuba); and the District Court in each case having
> determined that removal to Cuba is not reasonably foreseeable; the
> petitions for habeas corpus should have been granted."); id. at 721 n.

3 (noting that Benitez was subject to the conditions of release and 8 U.S.C. § 1253 authorized his detention if he violated the conditions of release); see also Clark, 125 S. Ct. at 728 (O'Connor, J., concurring) ("[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release . . . . And, if he fails to comply with the conditions of release, he will be subject to criminal penalties--including further detention." (citations omitted)).

2005 WL 564136, at *2.

In short, the instant case, which is factually indistinguishable and raises the same legal issues, is controlled by our decision in Benitez. Accordingly, we vacate our November 13, 2003 decision, affirming the denial of Perez-Aquillar's § 2241 petition. We **VACATE** the district court's denial of the § 2241 petition and **REMAND** this case to the district court with instructions to grant the § 2241 petition and order Perez-Aquillar's parole and release subject to "(1) the restrictions set forth in his release, and (2) a change in the reasonable foreseeability of his removal to Cuba so that detention becomes necessary to effectuate removal." Benitez, 2005 WL 564136, at *2.

**VACATED AND REMANDED WITH INSTRUCTIONS.**